UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| HARRY MADDOX III and KEVIN HERMAN LARSON, | Case No. 10-CV-2133 (PJS/JJG) |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| CHISAGO COUNTY SHERIFF OFFICE; GENA GRENING; PAUL STENGER; DEBRA LAVALLA; LISA FOOTE; and JULIE ANDERSON, | |
| Defendants. | |

Plaintiffs Harry Maddox and Kevin Larson bring this action under 42 U.S.C. § 1983 against the Chisago County Sheriff's Office and various police and jail officials. Both Maddox and Larson seek to proceed *in forma pauperis* ("IFP"). On June 2, 2010, Magistrate Judge Jeanne J. Graham assessed an initial partial filing fee against each plaintiff and ordered each plaintiff to pay that initial partial filing fee within 20 days or face summary dismissal for failure to prosecute. Docket No. 5.

This matter is before the Court on Maddox's objection to Judge Graham's order. (Larson has not objected.) Maddox objects that he is "destitute, Has no assets and No means by which to Pay even a 'Partial filing fee'."[1] Docket No. 7. For the reasons stated below, Maddox's objection is overruled, but the Court will give both Maddox and Larson one final chance to pay their initial partial filing fees.

---

[1] Maddox also objects to Judge Graham's warning that this lawsuit appears to be meritless. As Judge Graham was not ruling on the merits of plaintiffs' claims, it is unnecessary to address this aspect of Maddox's objection.

A litigant who seeks to be excused from paying the filing fee for a lawsuit in federal court may apply for IFP status. 28 U.S.C. § 1915(a)(1). Ordinarily, a litigant who is granted IFP status is excused from paying any part of the filing fee. But the Prison Litigation Reform Act ("PLRA") modifies this rule by requiring indigent prisoners to pay the full amount of the filing fee in civil actions. 28 U.S.C. § 1915(b)(1). A prisoner who obtains IFP status in a civil case is excused from *prepaying* the entire fee, but the prisoner must pay the entire fee over time in modest installments, beginning with an initial partial filing fee.

In this case, Judge Graham calculated that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Maddox owes an initial partial filing fee of $11.20. Maddox does not object to Judge Graham's calculation, which the Court has reviewed and found to be correct. Instead, Maddox claims that he is currently unable to pay the initial partial fee and offers a copy of a recent account statement demonstrating that he currently has $.05 in his inmate trust account.

Maddox is correct that a prisoner with no assets and no means cannot for that reason be barred from bringing a civil action: "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); *see also Creek v. S. Dak. Dep't of Corr.*, 25 Fed. Appx. 479, 480 (8th Cir. 2001) (per curiam) (reversing dismissal for failure to pay initial partial fee of $.03 where the prisoner's trust account had a negative balance and there was no indication that it had ever had a positive balance). But although Maddox currently has almost no assets, he has not shown that he has no means to pay the initial partial fee.

> It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when "the

> prisoner has no assets *and no means* by which to pay the initial partial filing fee." A prisoner with periodic income has "means" even when he lacks "assets."

*Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

Maddox's average monthly deposit during the five months preceding the filing of this action was $56.00. Maddox's current account statement shows that he reduced his account to $.05 by spending $10.60 on June 5, nearly two weeks *after* he filed his IFP application. Under these circumstances, Maddox has not shown that he lacks the means to pay an initial partial filing fee. Judge Graham's order is therefore affirmed.

The Court will, however, give Maddox and his co-plaintiff one final opportunity to pay their initial partial filing fees.[2] Maddox and Larson must pay their initial partial filing fees no later than Friday, July 16, 2010. If either plaintiff fails to pay his initial partial filing fee by that date, his claims will be summarily dismissed for failure to prosecute. If one or both plaintiffs timely pay their initial filing fee, this action will be referred to Judge Graham for further proceedings.

---

[2]Larson did not object to Judge Graham's order and did not pay the initial partial filing fee, and more than 20 days have passed since the order was entered. But shortly after this action was filed, Larson was transferred to the Minnesota Correctional Facility in St. Cloud, and thus Larson did not receive a copy of Judge Graham's order when it was first mailed. *See* Docket No. 6. Moreover, Judge Graham warned Larson that, if he did not pay within 20 days, she would *recommend* dismissal — which would give Larson the chance to object to that recommendation. Rather than send Larson back to Judge Graham to await the recommended dismissal, the Court will extend the time for Larson to pay with the warning that, if he fails to do so, his claims will be dismissed without further opportunity for objection.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Harry Maddox's objection [Docket No. 7] is OVERRULED.

2. No later than July 16, 2010, Maddox must pay an initial partial filing fee of not less than $11.20, and plaintiff Kevin Larson must pay an initial partial filing fee of not less than $2.18.

3. If either plaintiff fails to pay his initial partial filing fee in full in accordance with ¶ 2 of this Order, his claims will be summarily dismissed without prejudice for failure to prosecute.

Dated: June 25, 2010    s/Patrick J. Schiltz
                        Patrick J. Schiltz
                        United States District Judge