```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
```

| | |
|---|---|
| HARRY MADDOX III and<br>KEVIN HERMAN LARSON, | Case No. 10-CV-2133 (PJS/JJG) |
| Plaintiffs, | |
| v. | ORDER |
| CHISAGO COUNTY SHERIFF OFFICE;<br>GENA GRENING; PAUL STENGER; DEBRA<br>LAVALLA; LISA FOOTE; and JULIE<br>ANDERSON, | |
| Defendants. | |

This matter is before the Court on the application of plaintiff Harry Maddox for leave to proceed *in forma pauperis* ("IFP") on appeal. Docket No. 18. For the reasons discussed below, Maddox's motion is granted, and he is ordered to pay an initial partial filing fee of $5.00.

Because Maddox is a "prisoner," *see* 28 U.S.C. § 1915(h), the $455 filing fee for his appeal cannot be waived altogether. 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481, 483-84 (8th Cir. 1997) (per curiam). Instead, an order granting IFP status to a prisoner-appellant merely permits him to pay the filing fee for his appeal in installments, rather than all in advance. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). A prisoner is required to pay an "initial partial filing fee" upon the commencement of an action or appeal, and he is required to pay the remaining balance of the fee through periodic deductions from his prison trust account. 28 U.S.C. § 1915(b).

Based on the disclosures in his IFP application, Maddox is financially eligible for IFP status, and he owes an initial partial filing fee of $5.00. Under § 1915(b), the initial partial filing

fee is 20 percent of the greater of the average monthly deposit or the average monthly balance in the prisoner's trust account over the preceding six months. According to Maddox's trust-account statement [Docket No. 19], Maddox has had an average monthly deposit of $25.00 in the six-month period preceding the filing of his notice of appeal. The average monthly balance is not readily ascertainable, but it is clear that the average deposit exceeds the average balance. Therefore, Maddox must pay an initial partial filing fee of $5.00.

The Court notes that Maddox has previously argued (and appears to continue to argue) that, because he has spent all of the money in his trust account, he has rendered himself unable to pay *any* initial fee and therefore should be excused from having to do so under § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). As the Court has previously held, however, the fact that Maddox currently lacks the *assets* to pay his initial partial fee is not sufficient to demonstrate that he lacks the *means* to pay that fee. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) ("Section 1915(b)(4) comes into play only when 'the prisoner has no assets *and no means* by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'") If it were, then prisoners could easily evade the strictures of the Prison Litigation Reform Act by spending their money as soon as they receive it. *See Newlin*, 123 F.3d at 435 ("It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee.").

Finally, the Court finds that Maddox's appeal is taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id*. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court remains satisfied that Maddox's lawsuit was properly dismissed and that he has no meritorious grounds for an appeal. But the Court will not deem Maddox's appeal to be "frivolous" as that term has been defined by the Supreme Court. Therefore, Maddox's appeal is found to be taken "in good faith" for purposes of § 1915(a)(3).

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Harry Maddox's motion for leave to proceed *in forma pauperis* on appeal [Docket No. 18] is GRANTED;

2. Maddox is ordered to pay an initial partial filing fee of at least $5.00;

3. The remaining balance of the filing fee must be paid over time in accordance with 28 U.S.C. § 1915(b)(2); and

4. A copy of this order shall be sent to Maddox and to prison officials at the institution where Maddox is currently confined.

Dated: August 5, 2010  s/Patrick J. Schiltz
 Patrick J. Schiltz
 United States District Judge